**Certiorari Granted, March 29, 2013, No. 34,035**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-047**

**Filing Date: January 24, 2013**

**Docket No. 30,768**

**TOWN OF EDGEWOOD,**

   **Petitioner-Appellee,**

**v.**

**STATE OF NEW MEXICO**
**MUNICIPAL BOUNDARY**
**COMMISSION,**

   **Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Robles, Rael & Anaya, P.C.
Marcus J. Rael, Jr.
Robert M. White
Vanessa R. Chavez
Albuquerque, NM

for Appellee

Gary K. King, Attorney General
Mark Reynolds, Assistant Attorney General
Santa Fe, NM

for Appellant

## OPINION

**KENNEDY, Chief Judge.**

**{1}** The Town of Edgewood (the Town) petitioned the Municipal Boundary Commission

1

(the Commission) to annex unincorporated land that was intermixed with its incorporated areas. The Commission denied the petition. On certiorari review, the district court of Santa Fe County reversed the Commission's decision and ordered the annexation, holding that the Commission had overstepped its authority and considered matters outside of its statutory prerogatives. The Commission filed a petition for a writ of certiorari, which our Court granted. We now reverse.

**{2}** The Commission has the power to determine the statutory sufficiency of a petition and may make that determination at any time in the proceedings. The Commission properly rejected the Town's petition for failing to establish ownership of roads contained in and bordering the territory and for accounting for the ownership and consequences of ownership of roads owned by other government entities in and bordering the territory as required by NMSA 1978, Section 3-7-18 (1965) and NMSA 1978, Section 3-7-4 (1965). We hold that the Commission properly denied the annexation.

## I.     BACKGROUND

**{3}** The Town filed its petition with the Commission to annex territory in the unincorporated area of Santa Fe County (the County) in September 2009. NMSA 1978, § 3-7-11(A)(1) (1995); NMSA 1978, § 3-7-13 (1983) (setting out requirements for filing of a petition to annex and its form). A meeting of the Commission was set in due course as required by NMSA 1978, Section 3-7-14(B) (1965). At the meeting in November 2009, two main issues arose: (1) the designation, ownership, and inclusion of roads within and bordering the territory proposed for annexation by the petition; and (2) whether the Town can provide municipal services to the annexed area within a reasonable period of time. The Town's petition included a map of the territory proposed for annexation, which identified the territory to be annexed in relation to the Town and surrounding areas. It included roads both within and bordering the proposed annexation. The Town's map did not identify who owned these roads. The Commission questioned whether any roads belonged to the state, county, or federal governments, and the extent to which the Town had taken such ownership into account. The Town's attorney stated that there were some state and county roads on the map submitted. The Town stated that it had no intention of annexing any roads belonging to another governmental entity and no intention of maintaining any such roads. Consequently, the Town did not contact any other government that might own roads within or bordering the territory it sought to annex. The Town Administrator, Karen Machalick, provided some testimony regarding who maintained the roads as well as some ownership information. The Commission denied the annexation petition, holding in part that the Town had not properly included in its petition all streets located on the boundary of the territory proposed for annexation and that the map accompanying the petition did not show any federal, state, or county roads existing within that territory.

**{4}** The Town sought review by way of certiorari to the district court, which reversed the Commission, holding that the Commission's decision was not "in accordance with law." In coming to this conclusion, the district court held that the Commission cannot look beyond

2

the two statutory requirements included in NMSA 1978, Section 3-7-15 (1965) in making its decision, namely, that the territory to be annexed is contiguous to the municipality and that municipal services may be delivered to the annexed territory. It also held that the maps attached to the Town's petition provided fair and sufficient notice of the territory proposed to be annexed and that the County's use interest in the roads to be annexed did not create a bar to annexation, by relying on *Santa Fe County Board of County Commissioners v. Town of Edgewood*, 2004-NMCA-111, 136 N.M. 301, 97 P.3d 633. The district court concluded that the Commission did not have the authority to reject the petition. We granted the Commission's petition for a writ of certiorari requesting that this Court review the decision of the district court.

## II. DISCUSSION

{5} The Commission has statutory power to determine the annexation of territory to a municipality when the municipality brings a petition to annex. Section 3-7-11(A)(1). "On a writ of certiorari, we employ an administrative standard of review when determining whether a district court, sitting as an appellate court, erred in its review of an administrative decision." *Kirkpatrick v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 2009-NMCA-110, ¶ 10, 147 N.M. 127, 217 P.3d 613. Thus, our standard of review is the same as that employed by the district court. *Mutz v. Mun. Boundary Comm'n*, 101 N.M. 694, 697, 688 P.2d 12, 15 (1984). On appeal of the Commission's decisions, a reviewing court is limited to questions of law, including whether the administrative body acted fraudulently, arbitrarily, or capriciously, whether substantial evidence exists to support the decision, and whether the administrative body acted within its authority. *Id.* at 702, 688 P.2d at 20. Although it may correct a misapplication of the law, the reviewing court generally may not substitute its judgment for that of the administrative agency. *Id.* at 697, 688 P.2d at 15. "In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder." *Levario v. Ysidro Villareal Labor Agency*, 120 N.M. 734, 737, 906 P.2d 266, 269 (Ct. App. 1995).

{6} We first address the question of authority and whether the Commission is limited to considering only the issues of contiguity and the provision of municipal services under Section 3-7-15. We conclude that, in addition to determining these issues, the Commission may consider and determine the statutory sufficiency of the petition. We next consider the sufficiency of the evidence and determine that there was sufficient evidence to support the Commission's determination that statutory requirements regarding identification of roads on the map were not met.

### A. The Commission May Determine the Sufficiency of Petitions

{7} Our first concern is whether the Commission is limited to consideration of only the two issues of contiguity and provision of services. In this case, the issue is whether the Commission may also consider the requirement of NMSA 1978, Section 3-7-13(A)(3)(b)

3

(1965) for designation of highways and the requirement of Section 3-7-18 that the proposed annexation include any streets located along the boundary of the territory to be annexed.

**{8}** A petition to annex must include information about the roads within and along the boundary of the territory proposed to be annexed. Section 3-7-13(A)(3)(b). Pursuant to the statute, the petition shall be accompanied by a map of the territory proposed to be annexed, which must show, among other items, "any federal, state[,] or county highways which may exist in the territory proposed to be annexed[.]" *Id.* Territory owned by the federal government and its instrumentalities, or the State of New Mexico and its political subdivisions, may be annexed upon consent of that government entity. Section 3-7-4(A). Finally, "[a]ny municipality annexing any territory shall include in the annexation any streets located along the boundary of the territory being annexed." Section 3-7-18 (defining "street" as "any thoroughfare that is open to the public and has been accepted by the board of county commissioners as a public right-of-way"). Combined, these statutes require that a petition to annex territory include all roads in and along the boundaries of the territory, and if they are owned by government subdivisions, that consent be obtained to annex those roads from those governments.

**{9}** Our opinion, in *State ex rel. State Highway & Transportation Department v. City of Sunland Park*, 1999-NMCA-143, ¶ 21, 128 N.M. 371, 993 P.2d 85, confirms that an annexation must comply with all statutory requirements, not just with the provisions of Section 3-7-15(A). There, we invalidated an annexation for not including an adjacent state road. *City of Sunland Park*, 1999-NMCA-143, ¶ 27. Section 3-7-18 requires the annexation of roads adjacent to the territory to be annexed and failing to include roads adjacent to territory in an annexation petition rendered the petition invalid. *City of Sunland Park*, 1999-NMCA-143, ¶ 24.

**{10}** In this appeal, the Town, like the district court below, incorrectly relies on our holding in *Edgewood*. In that case, we rejected Santa Fe County's standing to object to an annexation by the town because it did not own roads within the annexed area. 2004-NMCA-111, ¶ 8. The question of compliance with Sections 3-7-13(A)(3)(b) and 3-7-18 was not the issue. *Edgewood* primarily established that maintaining public roads did not create an ownership interest in the roads, and a lack of ownership precluded a county's standing to object to a road's annexation. 2004-NMCA-111, ¶¶ 11-14. In the present case, the district court concluded that the "County's use interest in the roads to be annexed does not create a bar to annexation." However, the issue before us is not the use interest in the road, but rather whether the Town filed a petition that meets statutory requirements. *Edgewood* is not applicable to a determination of the sufficiency of the petition regarding required statutory representations and inclusions.

**{11}** The next question is how and when the Commission can consider such defects. The Town concedes that the Commission is not required to review a petition if its statutory preconditions are not met, but it asserts that a review of the statutory sufficiency of the petition must be completed prior to the Commission taking up the merits of the petition. The

Town's rationale seems to be that because a petition may not be *denied* for any other reason than those two contained in Section 3-7-15, it cannot be *rejected* at the end of the Commission hearing for any other reason. We disagree, as we regard rejection of a petition that does not comply with statutory form requirements to be different than denial of a petition based on the merits of the petition itself.

**{12}** We have evaluated a similar situation and noted that a board, reviewing a petition for incorporation, may review the statutory sufficiency of the petition at any time. *See Citizens for Incorporation, Inc. v. Bd. of Cnty. Comm'rs*, 115 N.M. 710, 713-14, 858 P.2d 86, 89-90 (Ct. App. 1993). There, we held that a board's determination that the petition was insufficient should be upheld if supported by substantial evidence. *Id.* at 714, 858 P.2d at 92. We further held that the sufficiency of the petition is a jurisdictional issue and, therefore, that the statutory prerequisites for a petition can be raised at any time. *Id.* at 716, 858 P.2d at 92. The court in *Citizens for Incorporation* held that a board may properly determine the sufficiency of a petition for municipal incorporation and its supporting map. *Id.* In *Citizens for Incorporation*, the sufficiency issue was not raised prior to the hearing on other issues, but we held that this fact did not bar the board from determining that the petition was insufficient under applicable statutes. *Id.* Because the incorporation and annexation statutes are similarly structured, we adopt the rationale of *Citizens for Incorporation* and determine that the Commission may consider the sufficiency of the petition at any time.

**{13}** The requirements of Sections 3-7-13(A)(3)(b) and -18 are preconditions to a petition being properly before the Commission. The Commission concluded as a matter of law that the Town did not include in its annexation request all streets as required by these statutes. We regard the Commission's conclusion to be that the petition did not conform with the legal requirements set forth by the Legislature in its statutes governing annexation.

**{14}** We conclude that the Commission has the power to review petitions for their sufficiency and compliance with the annexation statutes. The Commission can request further detail at any time in the hearing should concerns arise about the petition and its supporting map. The Commission was free to determine that the petition did not meet the requirements of Sections 3-7-13 and -18. Having concluded from testimony concerning the contents of the petition and its supplemental materials that the petition did not meet the statutory requirements, the Commission could then determine that the petition was invalid. Because this determination of its jurisdiction must be supported by substantial evidence, we now review the Commission's findings and conclusions according to a substantial evidence standard of review.

**B.      The Commission's Determination That the Town Filed a Non-Compliant Petition Was Supported by Substantial Evidence**

**{15}** In reviewing the Commission's decision, we look at the entire administrative record to see if substantial evidence supports the outcome. *Mutz*, 101 N.M. at 699, 688 P.2d at 17. At the hearing before the Commission, the Town conceded that its map contained state and

5

county roads. However, the county roads were not designated as such. The Commission asked if the Town had obtained permission to annex county roads pursuant to Section 3-7-4(A). The Town responded that it was "not annexing any state or county property" and that the roads would remain state and county roads unless and until the state and county desired to dedicate them to the Town.

**{16}**     The Town relied on Section 3-7-4(B), which states that an annexation can be valid despite containing land belonging to other governmental entities within the territory to be annexed. The Town testified that about forty-five miles of county road existed within the area proposed for annexation. Other testimony established that the territory sought to be annexed was bordered by Old Route 66, which appeared on the Town's map as State Route 333. Testimony referred to property to be annexed as being bordered by County Road 6C and Highway 344. The exhibits to the petition included multiple property locations on NM 344 and Old U.S. 66, which suggest the existence of state and county roads within and along the areas to be annexed.

**{17}**     The Commission's order denying annexation found that, while the map showed roads that exist "within and along the boundary of the territory proposed to be annexed," the map did not indicate whether the roads were owned by any other government entity. The Commission found that county and state roads were "within or border the territory proposed to be annexed" and that the Town was "unable to ascertain who the actual owner is of several of roads within or on the boundary of the territory." It also found that the Town had no intention to annex any federal, state, or county roads, and no intention of having any government entity owning such a road, to continue to maintain it. The Town did not indicate any intention of annexing other, presumably private, roads that were not included in the petition. Based on our review of the exhibits and the testimony given at the hearing, all of the Commission's findings are supported by substantial evidence.

**{18}**     Having concluded that substantial undisputed evidence supports both the Commission's findings of fact and conclusions of law regarding the non-compliance of the Town's petition with applicable statutes, we further conclude that the Commission's decision that the Town did not comply with statutory requirements for its petition was not arbitrary and capricious. Our ruling being dispositive of the appeal, we do not address the issue of whether the Town would be able to provide municipal services to the annexed area.

## III.     CONCLUSION

**{19}**     The district court erred in holding that the Commission's review of the sufficiency of the petition was limited. The Commission has the power to evaluate the annexation petition's compliance with statutory requirements for ownership and documentation of roads. There is no need to address any further issues because the petition did not warrant further proceedings before the Commission. We therefore reverse the district court and affirm the decision of the Commission.

6

{20}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**


_____
**CELIA FOY CASTILLO, Judge Pro Tem**

**Topic Index for _Town of Edgewood v. N.M. Mun. Boundary Comm'n_, No. 30,768**

**ADMINISTRATIVE LAW AND PROCEDURE**
Administrative Appeal
Arbitrary and Capricious Actions
Standard of Review
Sufficiency of Evidence

**APPEAL AND ERROR**
Certiorari
Substantial or Sufficient Evidence

**GOVERNMENT**
Annexation
Counties
Highways
Municipalities